| | |
|---|---|
| | |

1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  BRANDY ESTRADA,                          )  Case No.: 1:18-cv-01592-SAB (PC)
                                             )
12              Plaintiff,                   )
                                             )  ORDER DIRECTING CLERK OF COURT TO
13       v.                                  )  RANDOMLY ASSIGN A FRESNO DISTRICT
                                             )  JUDGE TO THIS ACTION
14  ALDO GARZA, et.al.,                      )
                                             )  FINDINGS AND RECOMMENDATION
15              Defendants.                  )  RECOMMENDING DISMISSAL OF THE
                                             )  ACTION
16                                           )
                                             )  [ECF No. 10]
17  _____ )

18          Plaintiff Brandy Estrada is proceeding pro se and in forma pauperis in this civil rights action

19  pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant

20  to 28 U.S.C. § 636(1)(B) and Local Rule 302.

21          On January 4, 2019, the Court screened Plaintiff's complaint and found that she had not stated

22  any cognizable claim.  (ECF No. 8.)  Plaintiff was granted leave to amend his complaint allegations

23  within thirty days to attempt to cure the deficiencies identified in that order.  (Id.)

24          Plaintiff failed to comply with or otherwise respond to the Court's order, and on March 1, 2019,

25  the Court required Plaintiff to show cause why this action should not be dismissed, within fourteen days.

26  (ECF No. 10.)  That deadline has passed, and Plaintiff has not responded to the order to show cause.

27  Accordingly, the Court recommends dismissal of this action for the reasons discussed below.

28  ///

1

# I.

## FAILURE TO STATE A CLAIM

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

In this case, Plaintiff contends that her medical chrono for protection from bright sunlight was not honored by prison officials and she feared retaliation if she filed a medical appeal. Plaintiff further contends that as a result of pterygium surgery she now has cataracts in both eyes, and she was affected by arsenic in the water causing her circulatory system to break down.

### A. Retaliation

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing

Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation.  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

Plaintiff fails to state a cognizable retaliation claim.  Plaintiff alleges only fear of potential retaliation if she complained about the medical treatment she received.  However, speculative fear of retaliation is insufficient to state a cognizable claim for relief.  Further, there are simply insufficient allegations to raise a plausible inference that Plaintiff was subjected to retaliation because she filed a grievance.  There is no connection between the denial of Plaintiff's appeals and any adverse medical determination or other action.  Indeed, Plaintiff's fear of retaliation and his speculation about Defendant Longero's potential actions do no plausibly show any connection.   Accordingly, Plaintiff fails to state a cognizable claim for retaliation.

## B.      Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

3

1    Plaintiff's allegations fail to demonstrate that any of the Defendants knew of and disregarded

2    an excessive risk to Plaintiff's health.  More specifically, performing the wrong surgery, or performing

3    the correct surgery ineptly is not action as "[m]edical malpractice does not become a constitutional

4    violation merely because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. 97, 106 (1977); Snow,

5    681 F.3d at 978-88; Wilhelm, 680 F.3d at 1122.  Thus, even assuming any Defendant Doctor erred, an

6    Eighth Amendment claim may not be premised on even gross negligence by a physician.  Wood v.

7    Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  Likewise, the failure to fully inform Plaintiff of

8    the risks and benefits of a procedure at most equates to negligence and is not actionable under the

9    Eighth Amendment.  In sum, Plaintiff has failed to set forth sufficient factual allegations to

10   demonstrate that any Defendant knew of and disregarded an excessive risk to Plaintiff's health, and

11   Plaintiff's disagreement with the treatment prescribed does not give rise to a cognizable claim.

12   Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference under the Eighth

13   Amendment.

14       **C.    Arsenic in Water**

15       Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

16   clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

17   2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in

18   prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To

19   maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately

20   indifferent to a substantial risk of harm to her health or safety.  Farmer, 511 U.S. at 847; Thomas v.

21   Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir.

22   2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th

23   Cir. 1998).  The exposure to toxic substances can support a claim under section 1983.  See Wallis v.

24   Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (exposure to asbestos); see also Helling v. McKinney,

25   509 U.S. 25, 35-37 (1993) (using "demonstrably unsafe drinking water" as a hypothetical example of a

26   potential conditions of confinement claim).  Mere negligence on the part of a prison official is not

27   sufficient to establish liability, but rather, the official's conduct must have been wanton.  Farmer, 511

28   U.S. at 83; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

4

1    Plaintiff alleges in conclusory fashion that she was subjected to high levels of arsenic in the

2    water while housed at VSPW of which Defendant Aldo Garza was aware. However, Plaintiff has not

3    alleged the actual levels of arsenic to which she was exposed or the effects of those levels. Mere

4    speculation by Plaintiff that her medical conditions are attributed to the level of arsenic in the water is

5    insufficient. Further, Plaintiff has failed to allege when or how any Defendant learned that there was

6    arsenic in the water, or how any Defendant was on actual, subjective notice that the levels of arsenic

7    were high enough to constitute an objectively unreasonable condition of confinement. Indeed, the

8    "Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier

9    food, or cleaner water than are enjoyed by substantial number of free Americans. Carroll v. DeTella,

10   255 F.3d 470, 472 (7th Cir. 2001). Accordingly, Plaintiff fails to state a cognizable conditions of

11   confinement claim.

**II.**

**FAILURE TO OBEY COURT ORDERS**

14   As noted above, on March 1, 2019, the Court issued an order to show cause in writing why this

15   action should not be dismissed for Plaintiff's failure to comply with or otherwise respond to the

16   January 4, 2019 order. (ECF No. 10.) Plaintiff failed to respond to the order to show cause.

17   Therefore, this action can proceed no further without Plaintiff's cooperation and compliance with the

18   orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.

19   The Court has the inherent power to control its docket and may, in the exercise of that power,

20   impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty.,

21   216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh

22   "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

23   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

24   merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab.

25   Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors

26   guide a court in deciding what to do, and are not conditions that must be met in order for a court to take

27   action. Id. (citation omitted).

28

5

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to recommend dismiss of the action for failure to prosecute. Id. Plaintiff has had no contact with the Court in over two months, and repeated attempts to engage her in the litigation have gone unanswered, affecting the use of the Court's resources and management of its docket. There is no pleading on file in this action which sets forth any claims upon which relief may be granted. Plaintiff has been repeatedly warned of dismissal, to no avail, and as Plaintiff is proceeding in forma pauperis and has ceased litigating this action, no lesser sanctions are available.

**III.**

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that the instant action be dismissed based on Plaintiff's failure to comply with a court order, failure to prosecute, and for the failure to state a cognizable claim upon which relief may be granted.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 25, 2019**

_____
UNITED STATES MAGISTRATE JUDGE